UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM T. SAVAGE, SR. | CIVIL DOCKET NO. |
|     Plaintiff | |
| v. | |
| LASALLE MANAGEMENT COMPANY AKA LASALLE CORRECTIONAL CENTER, LASALLE CORRECTIONS, L.L.C., WILLIAM MCCONNELL, PAT TEMPLE, JOHNNY CREED, AND ELIZABETH LIBBY TIGNER | JUDGE |
|     Defendants | MAGISTRATE JUDGE |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE, JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, ALEXANDRIA DIVISION:

The Complaint of WILLIAM T. SAVAGE, SR., who is domiciled in Ouachita Parish, State of Louisiana, appearing herein by and through undersigned counsel respectfully represent that this is a civil action against Defendants, LASALLE MANAGEMENT COMPANY AKA LASALLE CORRECTIONAL CENTER, LASALLE CORRECTIONS L.L.C., WILLIAM MCCONNELL, PAT TEMPLE, JOHNNY CREED and ELIZABETH LIBBY TIGNER, arising from acts of employment (race) discrimination, retaliation and the Whistle Blower Protection Act known as (WPA).

A.

**Jurisdiction**

1. The Jurisdiction of this Honorable Court is invoked under 28 U.S.C. Section 1331, and (Title VII) of the Civil Rights Act of 1964 some of the claims asserted herein arise under the laws of the United States.

2. Jurisdiction against the individual defendants is conferred upon this Court by 28 U.S.C. Section 1331 (federal question) and 1343 (civil rights). The state law claims for relief are within the supplemental jurisdiction of the court, pursuant to 28 U.S.C. Section 1367.

3. All the events referred to in this complaint occurred within the Western District of Louisiana, United States of America. Venue is proper in this Court.

4. Complainant claims herein arises out of acts of employment (race) discrimination, retaliation and the Whistle Blower Protection Act known as (WPA) against LaSalle Management Company AKA LaSalle Correction Center, LaSalle Corrections L.L.C., William McConnell, Pat Temple, Johnny Creed and Elizabeth Libby Tigner, in the State of Louisiana and within this Judicial district.

B.

**Parties**

5. Plaintiff, WILLIAM T. SAVAGE, SR, is a domiciliary of Ouachita Parish, State of Louisiana.

6. Defendants, LaSalle Management Company AKA LaSalle Correctional Center, and LaSalle Corrections L.L.C, is a Louisiana corporation doing business in Louisiana who is doing business in the State of Louisiana operating, pursuant to the

laws of the State of Louisiana, who is the former employer of Plaintiff, WILLIAM T. SAVAGE, SR.

7. Defendants, William K. McConnell, John Creed, Pat Temple, who are co-owners, and their Insurance Company XYZ are the governing authority, decision makers, for LaSalle Management Company AKA LaSalle Correctional Center, LaSalle Corrections L.L.C., doing business in the State of Louisiana.

8. Defendant, former Warden Elizabeth Libby Tigner acted under the authority of the LaSalle Management Company AKA LaSalle Correctional Center, LaSalle Corrections L.L.C., operating in accordance with the laws of the State of Louisiana.

C.

Facts

9. On January 2001, Mr. William T. Savage, Sr. commenced his tenure with LaSalle Management Company AKA LaSalle Corrections as Major Chief of Security at Richwood Correctional Center. LaSalle Management Company AKA LaSalle Corrections owns and operates nine (9) Correctional facilities throughout the state of Louisiana which includes LaSalle Correctional Center, Richwood Correctional Center, Rivers Correctional Center, Lincoln Detention Center, Catahoula Correctional Center, Jackson Parish Correctional Center, Claiborne Detention Center, Winn Parish Detention Center, and Madison Detention Center.

10. Mr. Savage applied for the position of Head Warden four times throughout his eighteen (18) years employment history with the company. Fifteen (15) years and six (6) months of that time has been in the job capacity as an Assistant

Warden or Deputy Warden. His career in the field of Corrections relates back to 1996.

11. Mr. Savage first applied for Head Warden in 2010, by requesting consideration for the position along with an attachment of his resume in which he emailed to William McConnell, Pat Temple, (co-owners of LaSalle Management), Clay McConnell (Director of LaSalle Management Program) and COO Johnny Creed, they never responded. However, three months later named an inexperienced white female, Elizabeth Libby Tigler, as Acting Warden of Richwood Correctional Center.

12. In 2011, Acting Warden Tigner was transitioned to the main office of LaSalle Management in Ruston, Louisiana. Subsequently, a white male named Keith Deville was brought in to be Warden of Richwood Correctional Center.

13. In December 2011, Mr. Savage accepted a job transfer to the Rivers Correctional Center located in Ferriday, Louisiana as an Assistant Warden to the then Warden Richard Spinner. In 2016, Warden Spinner announced he was going to soon retire, Mr. Savage immediately applied again for a Head Warden position for any LaSalle Management facility in Louisiana via email to COO Creed, William McConnell, Clay McConnell, Pat Temple, Chief David Hendrick and Sheriff Kenneth Hendricks of Concordia Parish. This was the second time none of the above LaSalle Management officials responded.

14. Warden Spinner went on sick leave and Mr. Savage ran the facility for six months on his own.

15. In July 2016, COO Creed announced that Elizabeth Tigner would be the Warden of River Correctional Center. The same white female that was appointed in 2010 to be Warden of Richwood Correctional Center.

16. In January 2018, words surfaced that Warden Tigner was getting ready to retire and for the third time Mr. Savage immediately applied for the position as Head Warden within LaSalle Management. On August 28, 2018, Mr. Savage was notified by Head Warden Tigner that she would be resigning from her position.

17. Mr. Savage spoke with Rodney Cooper, Executive Director of LaSalle Management and inquired if he would get the opportunity to be interviewed for the position, he replied "No" because Ms. Tigner told him that "he did things around the prison that he didn't tell her about", never specifically identifying those things.

18. Subsequently, Mr. Savage was informed by Head Warden Elizabeth Libby Tigner that her husband, Assistant Warden Billy Tigner of Winn Correctional Center, a white male, will be replacing her as the Head Warden of Rivers Correctional Center.

19. Each time a position for Head Warden would become available, Tigner would give an unfavorable and bias verbal evaluation about Mr. Savage as a pretext to not promoting Mr. Savage.

20. Mr. Savage's last a written employee evaluation which was favorable was in 2012 at Richwood Correctional Center.

21. On October 10, 2018, Mr. Savage filed an EEOC Complaint Charge No. 461-2018-02935 against LaSalle Corrections based on race.

22. On February 25, 2019, LaSalle Management retaliated against Mr. Savage by forcing him to transfer to Winn Corrections after he exposed Warden Billy Tigner for using excessive force (choking) on an inmate. Winn Corrections do not have a retirement system; therefore, Mr. Savage lost all of his retirement benefits.

23. Mr. Rodney Cooper, Executive Director, taunted Mr. Savage by referring to his EEOC Complaint of October 10, 2018 and asking sarcastically "What his plan was to win a big lawsuit with EEOC".

24. In addition, on May 14, 2019, another Assistant Warden (white) was selected over Mr. Savage to go to a training for immigration offenders; in light of Mr. Savage's seniority status and years of experience.

25. The Warden, Keith Deville isolated him and never made him aware of department head meetings with the other Assistant Wardens causing Mr. Savage to miss out on pertinent information pertaining to the facility's daily operations. The Warden prevented him from attending the Louisiana Sheriff and Warden Convention that he had attended for the last seven years.

26. On June 11, 2019, Mr. Savage received a letter of discharge stating, "your services are no longer needed."

27. Mr. Savage reported Billy Tigner, Warden, for choking an inmate which created a hostile environment for Mr. Savage as the Assistant Warden.

28. On June 19, 2019, Mr. Savage filed his second EEOC Complaint Charge No. 461-2018-02010 based on race and retaliation.

29. Rodney Cooper consistently placed him under scrutiny and started micromanaging and limiting and monitoring his duties. Such as, he was no longer

**allowed to hold employee hearings when they violated policy and procedure. He could no longer do a hiring board for vacant staff positions in which they were four staff members short. He could no longer send offender names for work release participation unless approved by the Warden. All of the job duties and responsibilities he assumed prior to the EEOC Complaint were stripped from him by Rodney Cooper after he filed his October 10, 2018, EEOC Complaint. Causing Mr. Savage to file his third EEOC Complaint Charge No. 461-2019-00164 based on Retaliation. Mr. Savage was treated less favorably than similar situated white employees who had no administrative and security experience of the Warden's positions.**

<u>**TITLE VII**</u>
**42 U.S.C. section 2000e,** *et seq*

30. **Plaintiff incorporates herein as if set out in full the facts alleged in Paragraphs 1-29 above.**

31. **The employer is liable under Title VII for permitting a supervisory employee to engage in intentional acts of race discrimination.**

32. **The acts of the supervisor resulted in direct economic injury to Plaintiff, rendering the employer liable.**

33. **Alternatively, the acts of the supervisor were severe and pervasive and adversely affected the plaintiff's working conditions. The employer is liable because it failed to conduct training to deter and detect discriminatory practices and failed to take prompt and effective remedial action to stop the racially discriminatory practices, though plaintiff brought it to the attention of upper management numerous times.**

34. Plaintiff seeks and is entitled to recover back pay, an equitable increase in pay, compensatory damages, punitive damages, costs and attorney fees.

### La. R.S. 23:332

Plaintiff incorporates herein as set out in full the facts alleged in Paragraphs 1-34, above.

35. By committing discriminatory and retaliatory acts and omission described above, the employer has engaged in an unfair employment practice prohibited by La. R.S. 23:332.

36. Plaintiff filed three complaints with the EEOC, notice of which was sent to the employer, satisfying the notice administrative remedy requirement of state law.

37. Pursuant to the provision of La. R.S. 23:332, plaintiff seeks and is entitled to recover back pay, an equitable increase in pay, compensatory damages, punitive damages, costs and attorney fees.

### WHISTLE BLOWER PROTECTION ACT (WPA)
### 5 U.S.C 2302(b)8

Plaintiff incorporates herein as set out in full the facts alleged in Paragraphs 1-37, above.

38. By committing retaliatory acts and omission described above, the employer has engaged in an unfair employment practice prohibited by 5 U.S.C 2302.

39. Plaintiff filed three complaints with the EEOC, notice of which was sent to the employer, satisfying the notice administrative remedy requirement of state law.

40. Pursuant to the provision of 5 U.S.C. 2302, plaintiff seeks and is entitled to recover back pay, an equitable increase in pay, compensatory damages, punitive damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for trial by Jury and after due proceedings are had, that there be judgment herein in his favor and against all defendants, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all cost of these proceedings, legal interest therein from the date of Judicial demand until paid, and all such other relief to which he is entitled by law or in equity.

Respectfully submitted

/s/ Carol D. Powell-Lexing
Carol D. Powell Lexing
Law Office of Carol D. Powell Lexing
& Associates (PLC)
2485 Tower Drive, Suite 6
Monroe, Louisiana 71201
Telephone: 318-324-0700
Facsimile: 318-324-0702
Email: Legaldove2@yahoo.com
Bar Roll No 21033

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system on the 29th day of July, 2021.

/s/   Carol D. Powell Lexing
Carol D. Powell Lexing