UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

WILLIAM T. SAVAGE, SR.                    CIVIL ACTION NO: 3:21-cv-02253


VERSUS


                                          JUDGE: TERRY A. DOUGHTY
LASALLE MANAGEMENT COMPANY
AKA LASALLE CORRECTIONAL CENTER,
LASALLE CORRECTIONS, L.L.C.,
WILLIAM MCCONNELL, PAT TEMPLE,
JOHNNY CREED, AND                         MAGISTRATE JUDGE: KAYLA D.
ELIZABETH LIBBY TIGNER                    MCCLUSKY

## ANSWER TO COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Defendants, LaSalle

Management Company, L.L.C., LaSalle Corrections, L.L.C., William McConnell, and Elizabeth

Libby Tigner[1] ("Defendants"), who in answer to the Complaint for Damages, deny each and every

allegation contained therein, except those specifically admitted, and further answering the

allegations contained in the Complaint for Damages respond as follows:

## AFFIRMATIVE DEFENSES

Defendants specifically plead the following affirmative defenses:

---

[1] The only remaining claims in this suit are Title VII claims against LaSalle for wrongful termination, retaliation and failure to promote claims as to Plaintiff's 2018 application for head warden. The Title VII claims against William McConnell and Elizabeth Tigner have been dismissed with prejudice. Further, the state law claims have been dismissed with prejudice as to all Defendants. (Doc. 21 and Doc. 22). McConnell and Tigner are appearing herein out of an abundance of caution. Further, Pat Temple and Johnny Creed were dismissed for failure to timely serve the summons and complaint. (Doc. 20).

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted by this Court. Further, Defendants specifically assert that this Court has dismissed with prejudice the following claims: 1.) all Title VII claims against William McConnel and Elizabeth Tigner; 2.) all Title VII claims for failure to train; 3.) all Title VII racial hostile work environment claims; 4.) all Title VII claims related to a failure to promote in 2010 and 2016; 5.) all claims under the Whistleblower Protection Act; 6.)  all state law claims against all Defendants, including but not limited to claims for employment discrimination under La. R.S. Section 23:332. Finally, Defendants specifically assert that this Court dismissed with prejudice all claims that Plaintiff asserted against William McConnell and Elizabeth Tigner.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable prescriptive and statute of limitations periods and/or Plaintiff's failure to timely assert his claims through the administrative process. This includes, but is not limited to, the assertions by Plaintiff of discrimination to the extent that any of the alleged acts occurred more than one-hundred-eighty (180) days and/or three hundred (300) days before Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding such claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims cannot be asserted because of his failure to exhaust administrative remedies and comply with the EEOC's administrative requirements including, but not limited to, his failure to timely file a sworn Charge of Discrimination, which included a number of the claims he attempts to assert in this lawsuit. Plaintiff's Complaint impermissibly exceeds the scope of Plaintiff's Charges of Discrimination.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has no right of action and is barred from recovery under Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq. because he failed to satisfy the requirements of La. R.S. 23:303.

## FIFTH AFFIRMATIVE DEFENSE

Defendants did not illegally discriminate against Plaintiff, whether intentionally or otherwise, and any employment-related actions taken against Plaintiff were for legitimate non-discriminatory and/or non-retaliatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff was subjected in any way to any acts of discrimination, retaliation, harassment or hostile work environment with regards to the terms and conditions of his employment.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that no actions discriminatory in nature were taken with respect to Plaintiff's terms and conditions of employment.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants specifically plead reasonable business justification and legitimate business concerns as an affirmative defense to the allegations and claims contained within the Plaintiff's Complaint.

## NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that Plaintiff was not discriminated in his employment with Defendants in any way on the basis of a retaliatory motive.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case under any statute as alleged in his Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

If it is determined that Plaintiff's alleged protective status was a motivating factor in any employment action, which is denied by Defendants, then it is asserted the same action would have been taken for reasons which were lawful and not related to Plaintiff's protected status.

## TWELTH AFFIRMATIVE DEFENSE

In the event Plaintiff establishes he is entitled to money damages, which his entitlement is denied by Defendants, then any amount awarded shall be reduced by all amounts earned or those which could have been earned by Plaintiff through the exercise of reasonable diligence. This is an assertion of the defense of failure to mitigate.

## THIRTEENTH AFFIRMATIVE DEFENSE

In the event Plaintiff establishes he is entitled to money damages, which his entitlement is denied by Defendants, then any amount awarded should be reduced by all amounts of unemployment compensation benefits, disability, workers' compensation benefits, retirement benefits, or any other benefits received, or which could have been received by Plaintiff with reasonable diligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert all of their actions were undertaken in good faith. Defendants plead all immunity available to them under federal and state law. Further, good faith defeats any punitive damages claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants' conduct was not malicious, willful, recklessly indifferent, wanton, and did not manifest an aggravated disregard for Plaintiff's rights.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any and all alleged damages suffered by Plaintiff were caused through his own fault or conduct so his claims should be barred. Further, in the event any fault is found against Defendants on Plaintiff's claims, which is specifically denied, then any award to Plaintiff should be reduced in accordance with the law and principals of comparative fault for the fault of Plaintiff and/or any third parties.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants plead all limitations of liability, interest and costs set forth in all applicable federal and state statues including La. R.S. 9:2798.1.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants will be entitled to an award of attorneys' fees and costs as the prevailing party pursuant to 42 U.S.C. Section 1988.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants specifically reserve the right to assert any and all additional defenses made known to them through discovery, or otherwise, as litigation progresses.

**AND NOW,** for Answer to Plaintiff's allegations, Defendants aver as follows:

1.

The allegations in Paragraph 1 are denied except as they relate to this Court having jurisdiction over this suit.

2.

The allegations in Paragraph 2 are denied except as they relate to this Court having jurisdiction over this suit. All state law claims have been dismissed with prejudice.

5

3.

The allegations in Paragraph 3 are admitted as they relate to venue.

4.

The allegations in Paragraph 4 are denied except as they relate to this Court having jurisdiction over this suit. Further, Defendants specifically aver that the only remaining claims in this matter are the following claims against LaSalle: 1.) Title VII failure to promote claim as to his 2018 application for head warden; 2.) Title VII wrongful termination claim; and 3.) Title VII retaliation claim.[2]

5.

The allegations in Paragraph 5 are denied for lack of information sufficient to justify a belief therein

6.

The allegations in Paragraph 6 are denied as written.

7.

The allegations in Paragraph 7 are denied as written. Further, Defendants specifically aver that William McConnell, John Creed, and Pat Temple have been dismissed as defendants in this suit.

8.

The allegations in Paragraph 8 are denied as written. Further, Defendants specifically aver that Elizabeth Libby Tigner has been dismissed as a defendant in this suit.

9.

The allegations in Paragraph 9 are denied.

---

[2] See Doc. 22.

6

10.

The allegations in Paragraph 10 are denied as written and are denied for lack of information sufficient to justify a belief therein.

11.

The allegations in Paragraph 11 are denied as written.

12.

The allegations in Paragraph 12 are denied as written.

13.

The allegations in Paragraph 13 are denied as written and are denied for lack of information sufficient to justify a belief therein.

14.

The allegations in Paragraph 14 are denied as written.

15.

The allegations in Paragraph 15 are denied as written.

16.

The allegations in Paragraph 16 are denied as written.

17.

The allegations in Paragraph 17 are denied.

18.

The allegations in Paragraph 18 are denied as written.

19.

The allegations in Paragraph 19 are denied.

20.

The allegations in Paragraph 20 are denied as written and are denied for lack of information sufficient to justify a belief therein.

21.

The allegations in Paragraph 21 are denied for lack of information sufficient to justify a belief therein.

22.

The allegations in Paragraph 22 are denied.

23.

The allegations in Paragraph 23 are denied.

24.

The allegations in Paragraph 24 are denied as written.

25.

The allegations in Paragraph 25 are denied as written.

26.

The allegations in Paragraph 26 are denied as written.

27.

The allegations in Paragraph 27 are denied.

28.

The allegations in Paragraph 28 are denied for lack of information sufficient to justify a belief therein.

29.

The allegations in Paragraph 29 are denied.

30.

The allegations in Paragraph 30 are denied except where admitted in response to specific paragraphs.

31.

The allegations in Paragraph 31 state a legal conclusion requiring no response.  Out of an abundance of caution, Defendants deny the allegations of Paragraph 31 as written.

32.

The allegations in Paragraph 32 are denied.

33.

The allegations in Paragraph 33 are denied. Further, Plaintiff's Title VII failure to train claims have been dismissed with prejudice.

34.

The allegations in Paragraph 34 are denied.

35.

The allegations in Paragraph 35 are denied. Further, Plaintiff's claims pursuant to La. R.S. 23:332 have been dismissed with prejudice.

36.

The allegations in Paragraph 36 are denied as written. Further, Plaintiff's claims pursuant to La. R.S. 23:332 have been dismissed with prejudice.

37.

The allegations in Paragraph 37 are denied.  Further, Plaintiff's claims pursuant to La. R.S. 23:332 have been dismissed with prejudice.

9

38.

The allegations in Paragraph 38 are denied. Further, Plaintiff's claims under the Whistle Blower Protection act have been dismissed with prejudice.

39.

The allegations in Paragraph 39 are denied as written. Further, Plaintiff's claims under the Whistle Blower Protection act have been dismissed with prejudice.

40.

The allegations in Paragraph 40 are denied. Further, Plaintiff's claims under the Whistle Blower Protection act have been dismissed with prejudice.

Defendants specifically deny any allegations made by Plaintiff in any unnumbered paragraph.

**WHEREFORE**, Defendants pray that this Answer be deemed good and sufficient and that after due proceedings are had there be judgment in favor of Defendants, dismissing the demands of Plaintiff with prejudice at Plaintiff's costs and for all general and equitable relief to which he may be entitled to under law and equity.

Respectfully submitted:

**ERLINGSON BANKS, PLLC**

_____

MARY G. ERLINGSON (#19562)
CATHERINE S. ST. PIERRE (#18419)
TARA L. JOHNSTON (#28100)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876
tjohnston@erlingsonbanks.com

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 9th day of August, 2022, a copy of the foregoing Answer to Complaint for Damages was filed electronically with the Clerk of Court using the CM/ECF system. Notice of filing will be sent by operation of the court's electronic filing system to all counsel of record.

_____
Tara L. Johnston

11