UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

WILLIAM T. SAVAGE, SR.                    CASE NO.  3:21-CV-02253

VERSUS                                    JUDGE TERRY A. DOUGHTY

LASALLE MANAGEMENT CO., ET AL.            MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM ORDER

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery [doc. #30], filed by Defendants LaSalle Management Company ("LaSalle"), William McConnell, and Elizabeth Libby Tigner ("Defendants").[1]  The motion is unopposed.  For reasons assigned below, Defendants' motion to compel discovery is GRANTED IN PART and DENIED IN PART.[2]

## Background

This case involves workplace racial discrimination and retaliation claims by Plaintiff, who began working for LaSalle Management[3] in January 2001.  [doc. #1 ¶ 12].  On July 29, 2021, Plaintiff filed his original complaint, alleging causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; the Louisiana Employment Discrimination Law

---

[1] The Court previously dismissed all claims against McConnell and Tigner.  [doc. #22].  They appear out of an abundance of caution.  [doc. #31, p. 1].

[2] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[3] LaSalle Management is a company which owns and operates nine correctional facilities throughout Louisiana.

("LEDL"), La. R.S. § 23:332; and the Whistleblower Protection Act (the "WPA"), 5 U.S.C. § 2302(b)(8).  [doc. #1, p. 7-8].  Plaintiff appeared to assert Title VII claims for (1) wrongful termination; (2) failure to promote; (3) hostile work environment; (4) retaliation; and (5) failure to train.

On November 12, 2021, Defendants filed a motion to dismiss for failure to state a claim. [doc. #11].  On July 11, 2022, the undersigned recommended that Defendants' motion to dismiss be granted in part and denied in part.  [doc. #21].  The undersigned recommended dismissal of Plaintiff's claims, with the exception of (1) his failure to promote claim as to his 2018 application for warden against LaSalle; (2) his Title VII wrongful termination claim against LaSalle; and (3) his Title VII retaliation claim against LaSalle.  *Id.*  On July 26, 2022, Judge Doughty adopted the undersigned's recommendations.  [doc. #22].

On March 17, 2023, Defendants filed the instant motion to compel discovery.  [doc. #30]. Therein, Defendants ask the Court for an order compelling Plaintiff to answer and fully respond to Defendants' interrogatories and requests for production of documents.  *Id.*  Defendants also ask the Court to impose sanctions and award attorney's fees.  *Id.*

Plaintiff failed to file a response.  Accordingly, this matter is ripe.

### Discussion

I.      *Standard*

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2).  The interrogatories must be answered by the party to whom they are directed.  Fed. R. Civ. P. 33(b)(1).  Furthermore, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections."  Fed. R. Civ. P. 33(b)(5).

Rule 34 of the Federal Rules of Civil Procedure provides that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . or any designated tangible things" that are within the "party's possession, custody, or control . . ." Fed. R. Civ. P. 34(a)(1)(A) & (B).[4]

Answers to interrogatories, and any objections thereto, are due within 30 days after service, unless the court orders, or the parties stipulate to a different period. Fed. R. Civ. P. 33(b)(2). Similarly, a written response to a request for production, not served under Rule 26(d)(2), is due within 30 days after service, unless the court orders, or the parties stipulate to a different period. Fed. R. Civ. P. 26(b)(2)(A).

Rule 34's definition of "possession, custody, or control," includes more than actual possession or control of the materials; it also contemplates a party's "legal right or practical ability to obtain the materials from a nonparty to the action." *White v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 09-000991, 2011 WL 3423388, at *1 (M.D. La. Aug. 4, 2011 (citations omitted). A party must "make a reasonable search of all sources reasonably likely to contain responsive documents." *Id*. A party also is "charged with knowledge of what its agents know or what is in records available

---

[4] Under Rule 26(b),

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

to it." *Autery v. SmithKline Beecham Corp.*, Civ. No. 05-0982, 2010 WL 1489968, at *1 (W.D. La. Aug. 4, 2011) (citation omitted).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . . ." *Reyes v. Red Gold, Inc.*, Civ. No. B-05-191, 2006 WL 2729412, at *1 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id*. Furthermore, in the absence of good cause, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, then any objections thereto are waived. *In re: United States of America*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also* Fed. R. Civ. P. 33(b)4).

Finally, a party seeking discovery may move for an order compelling an answer, production, or inspection if a party, *inter alia*, fails to answer an interrogatory or fails to produce requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). An evasive or incomplete answer or response is treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4).

II.    *Analysis*

Defendants contend that on October 22, 2022, they propounded their first set of interrogatories and request for production of documents. [doc. #30-1, p. 3]. Plaintiff failed to respond. *Id.* The Parties held a Rule 37 discovery conference on January 19, 2023, and agreed to a two-week extension, until February 2, 2023, for Plaintiff to submit discovery responses. *Id.* Plaintiff again failed to respond. *Id.* On February 15, 2023, Defendants attempted to contact Plaintiff to discuss outstanding discovery, to no avail. *Id.* Defendants maintain that Plaintiff has still failed to respond to their discovery requests. *Id.*

4

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling an answer where a party fails to answer.  Here, Defendants have shown that Plaintiff has failed to respond to their discovery requests.  The undersigned also notes that Plaintiff failed to respond to the instant motion to compel.  Accordingly, Defendants' motion to compel discovery is GRANTED.  Within seven (7) days of the date of this order, Plaintiff is ordered to answer and fully respond to Defendants' interrogatories and request for production of documents.

Defendants also seek attorney's fees.  The court generally must award reasonable expenses to the prevailing party on a motion to compel.  Fed. R. Civ. P. 37(a)(5)(A). Given Plaintiff's failure to respond to Defendants' requests for discovery, the undersigned finds that it is appropriate to award Defendants' attorney's fees.  Accordingly, within seven (7) days of the date of this order, Plaintiff is ordered to issue payment to Defendants in the amount of $300.  To the extent that Defendants move for additional sanctions, their motion is DENIED at this time.

### Conclusion

For the foregoing reasons,

Defendants' motion to compel discovery [doc. #30], is GRANTED to the extent specified in the body of the order.  Defendants' motion is otherwise DENIED.

In Chambers, at Monroe, Louisiana, on this 3rd day of May, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE