UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WILLIAM T. SAVAGE, SR.** | **CASE NO.  3:21-CV-02253** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LASALLE MANAGEMENT CO., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss [doc. #33], filed by Defendants LaSalle Management Company ("LaSalle"), William McConnell, and Elizabeth Libby Tigner ("Defendants").[1]  The motion is opposed. [doc. #36].  For reasons assigned below, IT IS RECOMMENDED that Defendants' motion to dismiss be GRANTED IN PART and DENIED IN PART.

### Background

This case involves workplace racial discrimination and retaliation claims by Plaintiff, who began working for LaSalle Management[2] in January 2001.  [doc. #1 ¶ 12].  On July 29, 2021, Plaintiff filed his original complaint, alleging causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. § 23:332; and the Whistleblower Protect Act (the "WPA"), 5 U.S.C. § 2302(b)(8).  [doc. #1, pp. 7–8].  Plaintiff appeared to assert Title VII claims for (1) wrongful

---

[1] The Court previously dismissed all claims against McConnell and Tigner.  [doc. #22].  They appear out of an abundance of caution.  [doc. #33, p. 1].

[2] LaSalle Management is a company which owns and operates nine correctional facilities throughout Louisiana.

termination; (2) failure to promote; (3) hostile work environment; (4) retaliation; and (5) failure to train.

On November 12, 2021, Defendants filed a motion to dismiss for failure to state a claim. [doc. #11].  On July 11, 2022, the undersigned recommended that Defendants' motion to dismiss be granted in part and denied in part.  [doc. #21].  The undersigned recommended dismissal of Plaintiff's claims, with the exception of (1) his failure to promote claim as to his 2018 application for warden against LaSalle; (2) his Title VII wrongful termination claim against LaSalle; and (3) his Title VII retaliation claim against LaSalle.  *Id.*  On July 26, 2022, Judge Doughty adopted the undersigned's recommendations.  [doc. #22].

On March 17, 2023, Defendants filed a motion to compel discovery.  [doc. #30].  Plaintiff did not file any opposition, and, on May 3, 2023, the undersigned granted the motion and ordered that Plaintiff respond to Defendants' interrogatories and request for productions within 7 days of the date of the order.  [doc. #32, p. 5].  The undersigned also awarded Defendants $300 in attorney's fees and costs.  *Id.*

On June 8, 2023, Defendants filed the instant motion to dismiss, or, in the alternative, upset scheduling order [doc. #33].  Therein, Defendants allege that Plaintiff failed to comply with the Court's May 3, 2023 Order.  *Id.* at 4.  Specifically, Defendants allege that Plaintiff failed to respond to Defendants' discovery requests and failed to remit payment of fees.  *Id.*  Accordingly, Defendants ask that the Court dismiss with prejudice Plaintiff's claims, pursuant to Federal Rules of Civil Procedure 37(b)(2)(C) and 41.  *Id.* at 4–6.  In the alternative, Plaintiff asks that the Court vacate the existing scheduling order due to Plaintiff's "continued refusal to comply with this [C]ourt's orders/deadlines, and/or to participate in the litigation of their claims in any meaningful way."  *Id.*

On June 29, 2023, Plaintiff filed his response.  [doc. #36].  Therein, Plaintiff's counsel provides several reasons for failure to provide discovery and respond to the previous motion to compel, including difficulty trying to catch up with work after the pandemic; loss of staff; difficulty hiring new staff; health concerns; and health issues with Plaintiff's family.  [doc. #36-1, pp. 1–2].

On July 6, 2023, Defendants filed their reply.  [doc. #39].

Accordingly, briefing is complete.  This matter is ripe.

## Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant.  *Link v. Wabash R.R.Co*., 370 U.S. 626, 630–31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  Unless otherwise specified, a dismissal under Rule 41(b) operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).

Similarly, Rule 37(b)(2) provides that when "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders . . ." which may include an order "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).

A dismissal with prejudice represents an "an extreme sanction that deprives the litigant of the opportunity to pursue his claim."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir.

1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff h[er]self and not h[er] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

Upon review of the Parties' memoranda, the undersigned finds that dismissal is not warranted at this time.  While Plaintiff failed to comply with the Court's May 3, 2023 Order, his opposition brief makes plain that Plaintiff's counsel, and not Plaintiff himself, is responsible for that failure.  Indeed, Plaintiff's failure to participate in discovery is also attributable to counsel rather than Plaintiff himself.  Thus, the undersigned finds that none of the aggravating factors necessary for dismissal with prejudice are present here.  Nonetheless, the undersigned would caution Plaintiff that continued failure to prosecute this case may result in dismissal under Rule 41.

In the alternative, Defendants ask that the Court modify/upset the current Scheduling Order with all costs assessed against Plaintiff.  [doc. #33, p. 9–10].  Plaintiff does not oppose Defendant's request to upset the Scheduling Order.  [doc. #36-1, p. 1].  Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  As Defendants point out, all pertinent discovery deadlines in the current Scheduling Order [doc. #29], have been missed.  Therefore, the undersigned finds that there is good cause to upset the current Scheduling Order.  Accordingly, the Scheduling Order [doc. #29] should be vacated.

Finally, Defendants ask that the Court assess all costs and fees against Plaintiff.  "Fed. R.

Civ. P. 37(B) empowers the courts to impose sanctions for failures to obey discovery orders."

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir. 2012) (citation

omitted).   "In addition to a broad range of sanctions, including contempt, Fed. R. Civ.

P. 37(B)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including

attorney's fees, caused by the failure to obey a discovery order." *Id.* (quoting *Falstaff Brewing*

*Corp. v. Miller Brewing Co.,* 702 F.2d 770, 784 (9th Cir.1983)) (internal quotation marks omitted).

The district court "has broad discretion under Rule 37(b) to fashion remedies suited to the

misconduct."   *Id.* (quoting *Pressey v. Patterson,* 898 F.2d 1018, 1021 (5th Cir.1990)) (internal

quotation marks omitted).  Given Plaintiff's failure to comply with the Court's May 3, 2023 Order,

the undersigned finds that it is appropriate to award Defendants attorney's fees.   Under these

circumstances, the Court should assess counsel for Plaintiff, Carol D. Powell Lexing, the total sum

of $600.00, with payment to be issued within seven (7) days after the entry of judgment.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' motion to dismiss [doc. #30], be **GRANTED**

**IN PART** and **DENIED IN PART**.

To the extent that Defendants seek dismissal with prejudice, their motion should be

**DENIED**.

To the extent that Defendants seek attorney's fees, their motion should be **GRANTED**.

Costs and fees should be assessed against Plaintiff's counsel, Carol D. Powell Lexing, for the total

sum of $600.00, with payment to be issued within seven (7) days after the entry of judgment.

**IT IS FURTHER RECOMMENDED** that the Scheduling Order [doc. #29] be

**VACATED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 8th day of August, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE