**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **WILLIAM T SAVAGE SR** | **CASE NO.  3:21-CV-02253** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LASALLE MANAGEMENT CO ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Pending here is a Motion in Limine [Doc. No. 46] filed by Defendants, LaSalle Management Company aka LaSalle Correctional Center, LaSalle Corrections, L. L. C. ("LaSalle"), William McConnell ("McConnell"), and Elizabeth Tigner ("Tigner")[1] (collectively "Defendants"). Plaintiff William Savage Sr. ("Savage" or "Plaintiff") filed an Opposition [Doc. No. 48].  Defendants filed a Reply [Doc. No. 51].

For the following reasons, Defendants' Motion is **DENIED.**

**I.      FACTS AND PROCEDURAL HISTORY**

This case involves workplace racial discrimination and retaliation claims made by Plaintiff, who began working for LaSalle in January of 2001.[2] On July 11, 2022, Defendants filed a Motion to Dismiss.[3] On July 26, 2022, this Court granted in part and denied in part the Defendants' Motion to Dismiss.[4] The motion was granted as to Plaintiff's claims (1) against McConnell and Tigner under Title VII; (2) for failure to train under Title VII; (3) under the Whistleblower Protect Act ("WPA"); (4) against Tigner under state law; (5) for failure to promote in 2010 and 2016; (6) for racial hostile work environment under Title VII; and (7) for employment discrimination under La.

---

[1] The only remaining claims in this suit are certain Title VII claims against Lasalle. The claims against William McConnell and Elizabeth Tigner have been dismissed with prejudice. [Doc. No. Rec. 22].
[2] [Doc. No. 1].
[3] [Doc. No. 21].
[4] [Doc. No. 22].

R.S. § 23:332.[5] Defendants' Motion to Dismiss was denied as to Plaintiff's (1) Title VII failure to promote claim as to his 2018 application for head warden; (2) Title VII wrongful termination claim; and (3) Title VII retaliation claim.[6]

On June 6, 2023, Defendants filed another Motion to Dismiss Plaintiff's claims on the basis of case abandonment, which was denied by this Court.[7]  On September 25, 2023, a Motion for Extension of Time was granted in this case.[8]

On March 15, 2024, Defendants filed this Motion in Limine. Defendants move to exclude Plaintiff from calling any witnesses and/or introducing exhibits as evidence at trial, as a result of allegedly failing to produce, identify, and disclose such information to Defendants.[9] Specifically, on November 2, 2023, this Court entered a scheduling order setting, among other things, the pretrial order deadline of April 8, 2024, and a discovery deadline of December 10, 2023, that ordered written discovery to be served more than thirty (30) days before the deadline.[10] Plaintiff failed to abide by the Court's order and propounded discovery on November 13, 2023, three days after the deadline.

On October 13, 2023, Plaintiff sent an e-mail regarding the deposition of several people to which Defendants allegedly did not respond.[11] On November 20, 2023, Plaintiff, sent an email to Defendants regarding potential dates of taking depositions, Rule 10.1 conference, and talks of settlement. Defendants responded with a time for the conference soon thereafter.[12] At the conference, Plaintiffs and Defendants discussed the deposition issues and location.[13] Defendants

---

[5] [Id.]
[6] [Id.]
[7] [Doc. Nos. 33, 41].
[8] [Doc. No. 43].
[9] [Doc. No. 46].
[10] [Doc. No. 45].
[11] [Doc. No. 48-2, p. 1].
[12] [Doc. No. 51-1, p. 2].
[13] [Doc. No. 51, p. 4].

offered availability but asserted that due to the Thanksgiving holiday, it would be likely a few days before counsel could get a commitment from her clients.[14] That same day, Plaintiff's proposed that the depositions take place in Baton Rouge, Louisiana, hours away from Defendants' clients.[15] The following Monday, Plaintiff called to inquire about the proposed witnesses' availability, for which Defendants had not heard back.[16]After several emails over the course of a few days, Plaintiff and Defendants engaged in numerous discussions regarding miscommunication of the dates to depose clients.[17] Defendants made Plaintiff aware that none of the individuals Plaintiff listed in past emails were recently employed by Defendants and disclosed past employees of Defendants. The last email between Plaintiff's counsel and Defendant's counsel in November of 2023 stated that Plaintiff's counsel was to "get with [her] client and get back with [Defendants' counsel]."[18]

Under the pretrial order, this Court ordered Plaintiff to provide pretrial inserts to Defendant on March 8, 2024.[19] These inserts were not provided until April 2, 2024, after Defendants reached out to Plaintiff and notified this Court of counsel's inability to obtain Plaintiff's cooperation.[20]

The issues have been briefed, and the Court is prepared to rule.

## II.    LAW AND ANALYSIS

"The grant or denial of a motion in limine is considered discretionary, and thus will only be reversed for an abuse of discretion and showing of prejudice." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). Federal Rules of Civil Procedure require parties to provide initial disclosures to the other parties. *Sightlines v. Louisiana Leadership Institute*, No. 13-CV-00527, 2015 WL 77671, at *1 (M.D. La. Jan. 6, 2015). The Fifth Circuit looks to four factors in

---

[14] [Doc. No. 48-2, p. 4].
[15] [Doc. No. 51-1, p. 9].
[16] [Doc. No. 51-1, p. 4].
[17] [Doc. No. 51-1, p. 8-12].
[18] [Doc. No. 51-1, p. 8].
[19] [Doc. No. 45, p. 4].
[20] [Doc. No. 51-1, p. 15-16].

determining whether a Rule 26 violation is harmless: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Farris v. Jefferson*, 2021 WL 950894 at *2 (March 11, 2021). Pursuant to FRCP 37, a party who fails to provide information or identify a witness as required by Rule 26(a) or (e), "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.*

### A. Analysis

Based on looking at the record, it is obvious that the Court has given Plaintiff ample time to disclose all potential witnesses and exhibits, and Plaintiff has failed to do so. Plaintiff asserts that all witnesses that might have discoverable information were forwarded to Defendants via the Initial disclosures and Plaintiff's response to Defendants' Interrogatories and Request for Production of Documents.[21] However, throughout their communications, Defendants requested dates to depose clients and Plaintiff failed to respond to such request. The last communication before March of 2024 was dated in November of 2023 where Plaintiff's counsel stated that she would get with her client and get back to Defendants, which never occurred.

Further, Plaintiff failed to timely communicate regarding the pretrial order and provide pretrial inserts to Defendants after being asked numerous times. Counsel for Plaintiff argues that that she did not propound discovery until November 13, 2023, because the deadline, November 10, 2023, fell on a national holiday, namely Veteran's Day. In any event, the pleadings do indicate that Plaintiff did attempt, while almost always untimely, to make discovery and to communicate with Defendants.

---

[21] [Doc. No. 48-1, p. 5].

Therefore, because there were attempts from Plaintiff to facilitate movement of discovery in this case, the Defendants' Motion is **DENIED.** Although not explicitly asked for, this Court finds that a continuance in this matter is necessary. However, this will be the last continuance for the failure to timely communicate and abide by Court's orders in this case.

### III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Defendants' Motion in Limine [Doc. No. 46] is **DENIED**.

**IT IS FURTHER ORDERED** that the pretrial conference set for Thursday, April 11, 2024, is hereby converted into a telephone status conference to discuss the extension of dispositive, discovery, and motion in limine deadlines beginning at 1:30 p.m. C.D.S.T with the same call-in information provided for the pretrial conference.

MONROE, LOUISIANA, this 10th day of April 2024.

Terry A. Doughty
United States District Judge