UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF
LOUISIANA MONROE DIVISION


WILLIAM T. SAVAGE, SR.                       Civil No.   3:21-cv-02253
Plaintiff

VS.                                          Judge   TERRY A. DOUGHTY
LASALLE MANAGEMENT CO.ET          Magistrate udge   KAYLA D.
AL                                                   MCCLUSKY
Defendant

**JOINT PROPOSED AMENDED PRETRIAL ORDER**

Following pretrial proceedings in this cause pursuant to the procedure of this court, **IT IS ORDERED:**


A.

This is an action for: (State nature of action, including damages or other relief sought and identification of parties.)

This is an action arising from acts of employment wrongful termination, retaliation and failure to promote. Defendants, LaSalle Management Company aka LaSalle Corrections, LLC/LaSalle Correctional Center, William McConnell and Elizabeth Tigner violated Plaintiff William T. Savage, Sr. right's under acts of employment pursuant to Title VII  by failing to promote him to the position of Warden.  On January, 2001, Plaintiff William T. Savage, Sr., commenced his tenure with LaSalle management company aka LaSalle Corrections as major chief of security at Richwood Correctional Center. Plaintiff applied for the position of head warden four times throughout his 18 years employment history with the company 15 years and six months at that time was spent in the position as  an assistant warden or deputy warden. His career in the field of Corrections relates back to 1996. Plaintiff also ran the facility for six months on his own acting as warden. Mr. savage first applied for head warden in 2010: however, was rejected and the defendants' named and inexperienced white female, Elizabeth Libby Tigler, as acting warden of

Richwood correctional center. In 2011, acting warden Tigler was transitioned to the main office of LaSalle management in Ruston LA. Subsequently, a white male named Keith Deville was brought in to be warden at Richwood correctional center. In 2016, Mr. savage immediately applied again for a head warden position at any LaSalle management facility in Louisiana; however, he was denied and passed over again an Elizabeth Tigler was appointed as the warden. In January of 2018, Mr. Savage applied for the position of head warden within LaSalle Management; subsequently, Mr. Savage was rejected again and was informed by the head warden Elizabeth Tigner that her husband, assistant warden Billy Tigner at Winn Correctional Center, a white male, will be replacing her as the head Warden of the River Correctional Center. Each time a position for head warden would become available Tigner would give an unfavorable and biased verbal evaluation about Mr. Savage as a pretext to not promoting Mr. Savage.

Defendants violated Plaintiff rights under acts of employment pursuant to Title VII by wrongfully terminating him. Plaintiff a member of a protected class black male had been an assistant warden for fifteen years was denied the position of head warden four times and fired when he complained..   Mr. Savage was discriminated and fired because of his race by LaSalle Management each time a position for head warden became available he was given unfavorable and bias verbal evaluations. Mr. Savage was treated less favorable then his white counterparts because he was micromanaged, his duties were limited and monitored in a way that his white counterparts were not. On October 10, 2018, Mr. Savage filed an EEOC Complaint Charge against LaSalle Corrections based on race.

Defendants violated Plaintiff rights under acts of employment pursuant to Title VII by retaliating against Mr. Savage. On February 25, 2019, forced him to transfer to Winn Correctional Center after he exposed warden Billy Tigner for using excessive force a choking on an inmate.

Winn Correctional did not have a retirement system, therefore, Mr. Savage lost all of his retirement benefits. Mr. Rodney Cooper, the executive director, taunted Mr. Savage by referring to his EEOC complaint of October 10, 2018 and asking sarcastically what his plan was to win a big lawsuit with EEOC. In addition, on May 14, 2019 another assistant warden that was white was selected over Mr. Savage to go to a training for immigration offenders; In light of Mr. Savage seniority status and years of experience. The Warden, Keith Deville isolated him and never made him aware of department head meetings with the other assistant wardens causing Mr. Savage to miss out on pertinent information pertaining to the facilities daily operations. The warden prevented him from attending the Louisiana Sheriff Warden Convention that he had attended for the last seven years. Rodney Cooper consistently placed him on the scrutiny and started micromanaging and limiting and monitoring his duties. So that he was no longer allowed to hold employee hearings when they violated policy and procedure. He could no longer do a hiring board for vacant staff positions in which they were four staff members short. He could no longer send offenders names for work release participation. All of the job duties and responsibilities he assumed prior to the EEOC complaint were stripped from him by Rodney Cooper after he filed his October 10, 2018, EEOC complaint. Causing Mr. Savage to file his third EEOC complaint based on retaliation. Mr. Savage was treated less favorably than similar situated white employees who had no administrative and security experience of the wardens position. Subsequently, Mr. Savage was fired. Plaintiff seeks pay for economic injuries, backpay, an equitable increase in pay, compensatory damages, punitive damages, costs and attorneys fees.

Defendant(s) object to all of plaintiff's proposed established facts.

B.

The parties and their legal relationships are as follows: (State legal relationship of all parties with reference to claims, counterclaim, third-party claims, etc. In a direct action against

insurer, the insured must be identified.)

Plaintiff William T. Savage, Sr. was subject to acts of discrimination, retaliation, failure to promote, wrongful termination with regards to the terms and conditions of his employment. There was no reasonable business justification and legitimate business concerns for defendants failure to promote Plaintiff to head warden position. For Wrongfully discharging him and retaliating against him because he filed his EEOC complaint. Plaintiff was discriminated against in his employment on the basis of a retaliatory motive. The defendants' actions were not in good faith and their conduct was malicious willful recklessly wonton and a reckless disregard for Plaintiff's rights and manifested an aggravated disregard for Plaintiff's rights. Plaintiff is entitled to money damages and this amount should not be reduced by any amounts of unemployment compensation benefits, disability, workers compensation villages, retirement benefits, or any other benefits received. All damages related to the firing of Plaintiff were caused by the fault of Defendants LaSalle Management Company aka LaSalle Correctional Center/LaSalle Corrections LLC, William McConnell and Elizabeth Tigner.

LaSalle Management Company - Party Defendant.

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted by this Court. Further, Defendant(s) specifically assert that this Court has dismissed with prejudice the following claims: 1.) all Title VII claims against William McConnel and Elizabeth Tigner; 2.) all Title VII claims for failure to train; 3.) all Title VII racial hostile work environment claims; 4.) all Title VII claims related to a failure to promote in 2010 and 2016; 5.) all claims under the Whistleblower Protection Act; 6.) all state law claims against all Defendant(s) , including but not limited to claims for employment discrimination under La. R.S. Section 23:332. Finally, Defendant(s) specifically

assert that this Court dismissed with prejudice all claims that Plaintiff asserted against William McConnel and Elizabeth Tigner.

SECOND AFFIRMATIVE DEFENSE Plaintiff's claims are barred, in whole or in part, by applicable prescriptive and statute of limitations periods and/or Plaintiff's failure to timely assert his claims through the administrative process. This includes, but is not limited to, the assertions by Plaintiff of discrimination to the extent that any of the alleged acts occurred more than one-hundred-eighty (180) days and/or three hundred (300) days before Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding such claims.

THIRD AFFIRMATIVE DEFENSE Plaintiff's claims cannot be asserted because of his failure to exhaust administrative remedies and comply with the EEOC's administrative requirements including, but not limited to, his failure to timely file a sworn Charge of Discrimination, which included a number of the claims he attempts to assert in this lawsuit. Plaintiff's Complaint impermissibly exceeds the scope of Plaintiff's Charges of Discrimination.

FOURTH AFFIRMATIVE DEFENSE Plaintiff has no right of action and is barred from recovery under Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq. because he failed to satisfy the requirements of La. R.S. 23:303.

FIFTH AFFIRMATIVE DEFENSE Defendant(s) did not illegally discriminate against Plaintiff, whether intentionally or otherwise, and any employment-related actions taken against Plaintiff were for legitimate nondiscriminatory and/or non-retaliatory reasons.

SIXTH AFFIRMATIVE DEFENSE Defendant(s) deny that Plaintiff was subjected in any way to any acts of discrimination, retaliation, harassment or hostile work environment with regards to the terms and conditions of his employment.

SEVENTH AFFIRMATIVE DEFENSE Defendant(s) affirmatively aver that no actions discriminatory in nature were taken with respect to Plaintiff's terms and conditions of employment.

EIGHTH AFFIRMATIVE DEFENSE Defendant(s) specifically plead reasonable business justification and legitimate business concerns as an affirmative defense to the allegations and claims contained within the Plaintiff's Complaint.

NINTH AFFIRMATIVE DEFENSE Defendant(s) affirmatively aver that Plaintiff was not discriminated in his employment with Defendant(s) in any way on the basis of a retaliatory motive.

TENTH AFFIRMATIVE DEFENSE Plaintiff cannot establish a prima facie case under any statute as alleged in his Complaint.

ELEVENTH AFFIRMATIVE DEFENSE If it is determined that Plaintiff's alleged protective status was a motivating factor in any employment action, which is denied by Defendant(s), then it is asserted the same action would have been taken for reasons which were lawful and not related to Plaintiff's protected status.

TWELFTH AFFIRMATIVE DEFENSE In the event Plaintiff establishes he is entitled to money damages, which his entitlement is denied by Defendant(s), then any amount awarded shall be reduced by all amounts earned or those which could have been earned by Plaintiff through the exercise of reasonable diligence. This is an assertion of the defense of failure to mitigate.

THIRTEENTH AFFIRMATIVE DEFENSE In the event Plaintiff establishes he is entitled to money damages, which his entitlement is denied by Defendant(s), then any amount awarded should be reduced by all amounts of unemployment compensation benefits, disability, workers' compensation benefits, retirement benefits, or any other benefits received, or which could have been received by Plaintiff with reasonable diligence.

FOURTEENTH AFFIRMATIVE DEFENSE Defendant(s) assert all of their actions were

undertaken in good faith. Defendant(s) plead all immunity available to them under federal and state law. Further, good faith defeats any punitive damages claim.

FIFTEENTH AFFIRMATIVE DEFENSE Defendant(s) conduct was not malicious, willful, recklessly indifferent, wanton, and did not manifest an aggravated disregard for Plaintiff's rights. 3

SIXTEENTH AFFIRMATIVE DEFENSE Any and all alleged damages suffered by Plaintiff were caused through his own fault or conduct so his claims should be barred. Further, in the event any fault is found against Defendant(s) on Plaintiff's claims, which is specifically denied, then any award to Plaintiff should be reduced in accordance with the law and principals of comparative fault for the fault of Plaintiff and/or any third parties.

SEVENTEENTH AFFIRMATIVE DEFENSE Defendant(s) plead all limitations of liability, interest and costs set forth in all applicable federal and state statues including La. R.S. 9:2798.1.

EIGHTEENTH AFFIRMATIVE DEFENSE Defendant(s) will be entitled to an award of attorneys' fees and costs as the prevailing party pursuant to 42 U.S.C. Section 1988.

NINETEENTH AFFIRMATIVE DEFENSE Defendant(s) specifically reserve the right to assert any and all additional defenses made known to them through discovery, or otherwise, as litigation progresses.

The only remaining claims in this suit are Title VII claims against LaSalle for wrongful termination, retaliation, and failure to promote claims as to Plaintiff's 2018 application for head warden. The Title VII claims against William McConnell and Elizabeth Tigner have been dismissed with prejudice. Further, the state law claims have been dismissed with prejudice as to all Defendant(s). (Doc. 21 and Doc. 22). McConnell and Tigner are appearing herein out of an

abundance of caution. Further, Pat Temple and Johnny Creed were dismissed for failure to timely serve the summons and complaint. (Doc. 20).

## C.

Statement of jurisdiction: (State the facts and statutory basis for federal jurisdiction.)

The Jurisdiction of this Honorable Court is invoked Pursuant to 28 U.S.C. Section 1331 and (Title VII) of the Civil Rights Act of 1964. Further 28 U.S.C. section 1331 (federal Question) and 1343(civil rights). Further invokes the supplemental jurisdiction of this Court to consider claims arising under state law pursuant to28 U.S.C. Section 1367. Jurisdiction against individual defendants is conferred upon this Court by 28 U.S.C. Section 1331 (federal question) and 1343 (3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the court, pursuant to 28 U.S.C. Section 1367. All the events referred to in this matter occurred within the Western District of Louisiana, United States of America.

## D.

The following facts are stipulated by the parties and require no proof: (Numerical listing of uncontested material facts.)  To narrow issues and to eliminate unnecessary witnesses, counsel's best efforts are expected in preparing stipulations.

On June 11, 2019, Mr. Savage received a letter stating, "your services are not needed with the Winn Parish Sheriff's Office." Plaintiff is no longer employed by Defendants.

## E.

The contested facts are: (Each issue shall be stated as a concise narrative of each party's contention about each issue; the issue SHALL NOT be offered solely as a question.)  (Example: 1. The plaintiff contends the manifold was defective at the time of manufacture.  2. The defendant contends the plaintiff modified the manifold and exhaust system.)

A. The Plaintiff contends he was subject to acts of discrimination, retaliation, failure to promote, wrongful termination with regards to the terms and conditions of his employment.

A. Defendants contend Plaintiff was not subject to acts of discrimination, retaliation, failure

to promote, wrongful termination with regards to the terms and conditions of his employment.

B. The Plaintiff contends there was no reasonable business justification and legitimate business concerns for defendants failure to promote Plaintiff to head warden position. For Wrongfully discharging him and retaliating against him because he filed his EEOC complaint.

B. Defendants contend there was reasonable business justification and legitimate business concerns associated with all employment decisions involving Plaintiff, on the part of Defendants.

C. The Plaintiff contends that he was discriminated against in his employment on the basis of a retaliatory motive.

C. Defendants contend that Plaintiff was not discriminated in his employment with Defendant(s) in any way on the basis of a retaliatory motive.

D. The Plaintiff contends the defendants' actions were not in good faith and their conduct was malicious willful recklessly wonton and a reckless disregard for Plaintiff's rights and manifested an aggravated disregard for Plaintiff's rights.

D. Defendants contend that their actions were in good faith and their conduct was not malicious, willful, recklessly indifferent, wanton, and did not manifest an aggravated disregard for Plaintiff's rights.

E. The Plaintiff contends the Plaintiff is entitled to money damages and this amount should not be reduced by any amounts of unemployment compensation benefits, disability, workers compensation villages, retirement benefits, or any other benefits received.

E. Defendants contend that Plaintiff is not entitled to money damages but, to the extent the court finds that he is, then any amount awarded should be reduced by all amounts of unemployment compensation benefits, disability, workers' compensation benefits, retirement benefits, or any other benefits received, or which could have been received by Plaintiff with reasonable diligence.

F. The Plaintiff contends all damages related to the firing of Plaintiff were caused by the fault of defendants.

G.. Defendants contend all damages related to the firing of Plaintiff were solely attributable to Plaintiff, or another third party, and not to Defendants.

H. Plaintiff objects to all Defendants' Proposed established facts.

I. Defendant(s) object to all of Plaintiff's Proposed established facts.

F.

The contested issues of law to be determined by the Court: (Each issue shall be stated as a concise narrative of each party's contention about each issue; the issue SHALL NOT be offered solely as a question.)

A.      Plaintiff contends that Defendants, under acts of employment violated Plaintiff rights under Title VII of the Civil Rights Act of 1964 by failing to promote; Wrongfully discharging him; intentional acts of discrimination and retaliation for filing his EEOC claims.

A. Defendants contend they did not violate Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by failing to promote; wrongfully discharging him; intentional acts of discrimination and retaliation, and/or for filing his EEOC claims.

B. Plaintiff contends that the acts of the Defendants resulted in direct economic injury to Plaintiff.

B. Defendants contend their actions did not result in direct economic injury to Plaintiff.

C. Plaintiff contends that Defendants are liable for paying Plaintiff backpay, an equitable increase in pay, compensatory damages, punitive damages, costs and attorney fees.

C. Defendants contend they are not liable to paying Plaintiff backpay, equitable increase in pay, compensatory damages, punitive damages, costs and/or attorney fees.

D. Plaintiff objects to Defendant proposed issues of Law.

D. Defendant(s) objects to Plaintiff's proposed contested issues of law, specifically the section (A) phrase "intentional acts of discrimination" and the language used in section (C) "an equitable increase in pay".

G.

The following depositions and answers to interrogatories will be offered in evidence: (Prior to trial, counsel shall edit from the deposition irrelevant material.)

No depositions were taken. Defendants will offer Plaintiff's responses to Defendant's Interrogatories and Requests for Production of Documents. Plaintiff will offer Defendants' responses to Plaintiff's Interrogatories and Request for Production of Documents.

H.

There is no objection to the exhibits on the attached lists, except as follows: (State the basis for any objections as to each exhibit separately.)

1. Plaintiff objects to Defendants' exhibit Richwood Correctional Center Property Management Agreement pursuant to FRE 403 probative value is outweighed by unfair prejudice and confusing the issues.

2. Plaintiff objects to Defendants' exhibit Richwood Correctional Center Property Specific Agreement pursuant to FRE 403 probative value is outweighed by unfair prejudice and confusing the issues.

3. Plaintiff objects to Defendants' exhibit River Correctional Center Specific Agreement pursuant to FRE 403 probative value is outweighed by unfair prejudice and confusing the issues.

4. Plaintiff objects to Defendants' exhibit Plaintiff's personnel file and earing records pursuant to FRE 403 probative value is outweighed by unfair prejudice and confusing the issues.

5. Plaintiff objects to all of Defendants' proposed pre-trial inserts for the reasons more fully set forth in his Opposition to Defendants Motion in Limine.

6. Defendants object to the production of any/all of the exhibits on Plaintiff's list for the reasons as set forth more fully in the pending Motion in Limine. Further Defendant(s) object to all of Plaintiff's proposed pre-trial inserts for the reasons more fully set forth in their pending Motion in Limine.

## I.

This is a ☒ jury or ☐ non-jury case. (In a jury case, indicate whether the jury trial is applicable to all aspects of the case or identify those issues which will be tried by the jury.) Anticipated length of trial is five(5) days.

## J.

The issue of liability ☐ should or ☒ should not be tried separately from that of quantum.

## K.

The undersigned hereby certify that this Pretrial Order has been formulated after ☐ face- to-face or ☒ *telephone conference in which trial counsel for all parties were included. Reasonable* opportunity has been afforded to counsel for corrections or additions, prior to signing. Hereafter, this Order shall control the course of the trial and may not be amended except by consent of the parties and the Court, or by the order of the Court to prevent manifest injustice.

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| /s/*Carol D. Powell Lexing* | /s/ *Kaitlin A. Wall/ James A. Hilburn* |
| Carol D. Powell Lexing (#21033) | Mary G. Erlingson (#19562) |
| Law Office of Carol D. Powell Lexing and Associates | Kaitlin A. Wall (#39462) |
| | James L. Hilburn (#20221) |
| 2485 Tower Drive, Suite 6 | Erlingson banks, PLLC |
| Monroe, LA  71201 | One American Place |
| Telephone: 318-324-0700 | 301 Main Street, Suite 2110 |
| Attorney for Plaintiff | Baton Rouge, LA  70801 |
| legaldove2@yahoo.com | Telephone: 225-218-4446 |
| | Attorneys for Defendants |
| | kwall@erlingsonbanks.com |
| | jhilburn@erlingsonbanks.com |

ACTION BY THE COURT

THE FOREGOING Pretrial Order has been approved by the parties to this action as evidenced by the signature of their counsel hereon, and the Order is hereby entered and will govern in the trial of this case.

Monroe, Louisiana, this _____ day of _____, 2025.


_____

UNITED STATES MAGISTRATE JUDGE