UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| WILLIAM T. SAVAGE, SR. | Civil No.   3:21-cv-02253 |
| Plaintiff | |
| | |
| VS. | Judge   TERRY A. DOUGHTY |
| LASALLE MANAGEMENT CO.ET AL | Magistrate Judge   KAYLA D. MCCLUSKY |
| Defendant | |

## PRETRIAL ORDER

Following pretrial proceedings in this cause pursuant to the procedure of this court, **IT IS ORDERED:**

### A.

This is an action for: (State nature of action, including damages or other relief sought and identification of parties.)

Plaintiff William T. Savage, Sr., brought this alleging wrongful termination, retaliation and failure to promote under Title VII of the Civil Rights Act of 1964, against Defendants, LaSalle Management Company and LaSalle Corrections, LLC.

### B.

The parties and their legal relationships are as follows: (State legal relationship of all parties with reference to claims, counterclaim, third-party claims, etc. In a direct action against an insurer, the insured must be identified.)

The parties are Plaintiff William T. Savage, Sr., and Defendants LaSalle Management Company and LaSalle Corrections, LLC.

C.

Statement of jurisdiction: (State the facts and statutory basis for federal jurisdiction.)

The Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. Section 1331

and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.

D.

The following facts are stipulated by the parties and require no proof: (Numerical listing

of uncontested material facts.) To narrow issues and to eliminate unnecessary witnesses,

counsel's best efforts are expected in preparing stipulations.

On June 11, 2019, Mr. Savage received a letter stating, "your services are not needed

with the Winn Parish Sheriff's Office."

E.

The contested facts are: (Each issue shall be stated as a concise narrative of each party's
contention about each issue; the issue SHALL NOT be offered solely as a question.)  (Example:

A. Plaintiff contends that he was subject to acts of discrimination, retaliation, failure to
promote, and wrongful termination with regards to the terms and conditions of his employment.

A.      Defendants contend Plaintiff was not subject to acts of discrimination, retaliation, failure

to promote, wrongful termination with regards to the terms and conditions of his employment.

B. The Plaintiff contends there was no reasonable business justification and legitimate business concerns for defendants failure to promote Plaintiff to head warden position. For Wrongfully discharging him and retaliating against him because he filed his EEOC complaint.

B. Defendants contend there was reasonable business justification and legitimate business concerns associated with all employment decisions involving Plaintiff, on the part of Defendants.

C. The Plaintiff contends that he was discriminated against in his employment on the basis of a retaliatory motive.

C. Defendants contend that Plaintiff was not discriminated in his employment with Defendant(s) in any way on the basis of a retaliatory motive.

D. The Plaintiff contends the defendants' actions were not in good faith and their conduct was malicious willful recklessly wonton and a reckless disregard for Plaintiff's rights and manifested an aggravated disregard for Plaintiff's rights.

D. Defendants contend that their actions were in good faith and their conduct was not malicious, willful, recklessly indifferent, wanton, and did not manifest an aggravated disregard for Plaintiff's rights.

E. The Plaintiff contends the Plaintiff is entitled to money damages and this amount should not be reduced by any amounts of unemployment compensation benefits, disability, workers compensation villages, retirement benefits, or any other benefits received.

E. Defendants contend that Plaintiff is not entitled to money damages but, to the extent the court finds that he is, then any amount awarded should be reduced by all amounts of unemployment compensation benefits, disability, workers' compensation benefits, retirement benefits, or any other benefits received, or which could have been received by Plaintiff with reasonable diligence.

F. The Plaintiff contends all damages related to the firing of Plaintiff were caused by the fault of defendants.

G.. Defendants contend all damages related to the firing of Plaintiff were solely attributable to Plaintiff, or another third party, and not to Defendants.

H. Plaintiff objects to all Defendants' Proposed established facts.

I. Defendant(s) object to all of Plaintiff's Proposed established facts.

### F.

The contested issues of law to be determined by the Court: (Each issue shall be stated as a concise narrative of each party's contention about each issue; the issue SHALL NOT be offered solely as a question.)

NONE, other than those pending before the Court as the basis for the Motion in Limine.

G.

The following depositions and answers to interrogatories will be offered in evidence: (Prior to trial, counsel shall edit from the deposition irrelevant material.)

No depositions were taken. Defendants will offer Plaintiff's responses to Defendant's Interrogatories and Requests for Production of Documents.   Plaintiff will offer Defendants' responses to Plaintiff's Interrogatories and Request for Production of Documents.

H.

There is no objection to the exhibits on the attached lists, except as follows: (State the basis for any objections as to each exhibit separately.)

1. Plaintiff objects to Defendants' exhibit Richwood Correctional Center Property Management Agreement pursuant to FRE 403 probative value is outweighed by unfair prejudice and confusing the issues.

2.  Plaintiff objects to Defendants' exhibit Richwood Correctional Center Property Specific Agreement pursuant to FRE 403 probative value is outweighed by unfair prejudice and confusing the issues.

3.  Plaintiff objects to Defendants' exhibit River Correctional Center Specific Agreement pursuant to FRE 403 probative value is outweighed by unfair prejudice and confusing the issues.

4.  Plaintiff objects to Defendants' exhibit Plaintiff's personnel file and earing records pursuant to FRE 403 probative value is outweighed by unfair prejudice and confusing the issues.

5.  Plaintiff objects to all of Defendants' proposed pre-trial inserts for the reasons more fully

set forth in his Opposition to Defendants Motion in Limine.

6.  Defendants object to the production of any/all of the exhibits on Plaintiff's list for the

reasons as set forth more fully in the pending Motion in Limine.  Further Defendant(s) object

to all of Plaintiff's proposed pre-trial inserts for the reasons more fully set forth in their pending

Motion in Limine.

## I.

This is a ☒ jury or ☐ non-jury case. (In a jury case, indicate whether the jury trial is applicable to all aspects of the case or identify those issues which will be tried by the jury.) Anticipated length of trial is five(5) days.

## J.

The issue of liability ☐ should or ☒ should not be tried separately from that of quantum.

## K.

The undersigned hereby certify that this Pretrial Order has been formulated after ☐ face- to-face or ☒ *telephone conference in which trial counsel for all parties were included. Reasonable* opportunity has been afforded to counsel for corrections or additions, prior to signing.  Hereafter, this Order shall control the course of the trial and may not be amended except by consent of the parties and the Court, or by the order of the Court to prevent manifest injustice.

ACTION BY THE COURT

THE  FOREGOING  Pretrial  Order is hereby entered and will govern in the trial of this case.

Monroe, Louisiana, this 7th day of February, 2025.

_____
UNITED STATES MAGISTRATE JUDGE