**MINUTES OF PROCEEDING**
**KAYLA DYE MCCLUSKY**
**U.S. MAGISTRATE JUDGE**
February 6, 2025

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **WILLIAM T. SAVAGE, SR.** | **CIV. ACTION NO. 3:21-02253** |
| **VERSUS** | **CHIEF JUDGE TERRY A. DOUGHTY** |
| **LASALLE MANAGEMENT COMPANY AND LASALLE CORRECTIONS LLC** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

A pre-trial conference was held by telephone in the above-referenced matter on February 6, 2025, at 10:30 a.m. and concluded within one hour.   Carol D. Powell-Lexing, counsel for Plaintiff William T. Savage, Sr., and Kaitlin Wall and James Hilburn, counsel for Defendants, LaSalle Management Company and LaSalle Corrections, LLC, participated.   Additionally, Jack Foster, Judge Doughty's law clerk was also present.

The undersigned granted Ms. Wall's oral motion to serve as lead counsel in this case. She will be joined at trial by Mr. Hilburn as second chair.

Plaintiff previously made an offer of settlement that was rejected by Defendants, and they do not anticipate further settlement discussions.

The proposed pre-trial order was jointly prepared and signed.   However, there were a number of issues with the proposed pre-trial order, and the undersigned made corrections, signed, and filed the corrected document.   There were some objections by Plaintiff to Defendants' Exhibits.   With regard to Objections 1-3, the undersigned directed counsel to confer and discuss these objections.   If Plaintiff maintains objections after further conference, counsel should file a written memorandum no later than February 14, 2025, making her arguments to

Judge Doughty.   Defendants must respond by February 21, 2025. With regard to Plaintiff's objection #5, the objection is DENIED as to earnings records, as those are relevant to Plaintiffs' damages claims.   However, Defendants' counsel was directed to confer with Plaintiff's counsel regarding the specific documents to be used at trial from Mr. Savage's personnel file, so that counsel could articulate any remaining objections and responses by the same deadlines (February 14 for Plaintiff's remaining objections to be briefed, and February 21 for Defendants' responses to be briefed).   Any remaining objections by Defendants are part of the Motion in Limine they filed and which is pending before Judge Doughty.   Judge Doughty is aware of and will rule on their pending motions in limine.

There are discovery issues, but those, again, are part of the Motion in Limine briefing before Judge Doughty.

The parties listed one stipulation in the proposed pre-trial order.   Any additional stipulations must be filed no later than **February 21, 2025**.

Trial is anticipated to last 4-5 days.

The Court will start the voir dire process with a jury panel of 18, will seat 8, and trial will continue as long as there are at least 6.   Both sides have 3 peremptory challenges.

At the request of counsel, the Court's standard voir dire will be forwarded by email.   If any party would like any supplemental or fact specific voir dire questions to be asked, they must be filed no later than **February 21, 2025**, for consideration by Judge Doughty.   A courtesy copy should be emailed in Word to doughty_motions@lawd.uscourts.gov

Judge Doughty will conduct the entire standard voir dire.   At the conclusion of the general voir dire, Judge Doughty will conduct a sidebar with counsel to determine if further general questioning by the Judge is needed.    If the need for further questioning in private arises, Judge Doughty and counsel will question the potential jurors in the robing room with the

court reporter present.

Angela Miletello in the Clerk's Office will have completed jury questionnaires available the Friday before trial at approximately 2:00 p.m., and they will be emailed to counsel. Attorneys are not to share these questionnaires with clients or anyone else until the morning of trial.

Joint jury instructions and interrogatories are due **February 21, 2025**.   All parties should file joint stipulated jury instructions, jury interrogatories, and email a courtesy copy in Word to doughty_motions @lawd.uscourts.gov. Requested jury instructions should be based on the Fifth Circuit's Pattern Civil Jury Instructions and referenced by number if possible.   Any proposed instructions which are not found in the Fifth Circuit's pattern instructions must be submitted in their entirety and accompanied by pinpoint cites.   Any contested instructions should be placed in the jury instructions where the proponent wishes, and the opposing party's objection and any response by the proponent should be footnoted.

Jury charge conferences will be held throughout trial.

The parties do not anticipate offering any other testimony by deposition.

As we use an electronic courtroom, trial exhibit notebooks are no longer required for the jury. All exhibits will be displayed to the jury on the electronic monitors in the courtroom. Counsel shall provide one electronic copy AND one paper copy of the exhibits to Amy Crawford, the Courtroom Deputy, on the morning of trial.   Counsel are responsible for displaying their own exhibits, but may contact the Clerk's Office for further information, to ensure that their equipment will function properly in the courtroom, or for a time to view the courtroom.   They must contact Ms. Crawford **no later than one week before trial.**

Any charts, diagrams, or other exhibits of this type shall be exchanged no later than one week before trial or **February 24, 2025**.

Counsel must convert may call witnesses to will call witnesses by **February 21, 2025**.

Final witness lists and exhibit lists must also be filed by this date.

A list of **all** parties and witnesses, as well as any unusual names or terms (including medical or technical terms) must be emailed to Debbie Lowery, the court reporter, at **debbie_lowery@ lawd.uscourts.gov,** by **February 18, 2025**.

Counsel for each party is given 20 minutes for opening statements.

To make objection at trial, counsel will rise, be recognized, and state the basis for the objection without argument.   If argument is necessary, the court will ask for it.

Counsel were reminded to familiarize themselves with LR 83.2.14 on courtroom decorum.

Attorneys are to arrive in the courtroom for trial by **8:30 a.m.**

We would like to minimize the number of sidebars and the jury's time by dealing with any evidentiary issues prior to trial or during recesses.

KDM