UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WILLIAM T SAVAGE SR** | **CASE NO. 3:21-CV-02253** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **LASALLE MANAGEMENT CO ET AL** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine (R. Doc. 63) filed by Defendants, LaSalle Management Company a/k/a LaSalle Correctional Center, LaSalle Corrections, LLC ("LaSalle"), William McConnell ("McConnell"), and Elizabeth Tigner ("Tigner") (collectively "Defendants").[1] Plaintiff William Savage Sr. ("Savage" or "Plaintiff") opposes (R. Doc. 65). Defendants filed a Reply (R. Doc. 69).

For the following reasons, Defendants' Motion is **GRANTED.**

### I.   BACKGROUND

The Court is aflush with déjà vu. In the instant Motion, Defendants seek to bar Plaintiff "from calling any witnesses and/or introducing exhibits as evidence at the upcoming trial on this matter, as a result of his continued failure to produce/identify/disclose same to Defendants, in accordance with the operative scheduling orders set forth by this Court." R. Doc. 63 at 1. This is the third time that Plaintiff's recalcitrance has been brought to the Court's attention. *See* R. Doc. 33; R. Doc. 46. The Court has twice cut Plaintiff a break. Two years into this litigation (and

---

[1] The only remaining claims in this suit are certain Title VII claims against LaSalle. The claims against William McConnell and Elizabeth Tigner have been dismissed with prejudice. *See* R. Doc. 22.

two years ago), when Defendants moved for dismissal for Plaintiff's failure to prosecute his case, the Court denied their Motion and allowed Plaintiff to escape with a $600 sanction. *See* R. Doc. 40. Three years into this litigation (and ten months ago), when Defendants moved to exclude all of Plaintiff's evidence for failing to participate in discovery, the Court denied their Motion and allowed Plaintiff to escape with a continuance. *See* R. Doc. 56. In this second Order, the Court made clear that further noncompliance with the Court's Scheduling Order would not be tolerated. *See id.* at 5. Defendants now make their third plea to the Court to do something about Plaintiff's unwillingness to develop this suit. R. Doc. 63. Puzzled as to how this issue could arise following the last Order, and conscious that trial is weeks away, the Court set a telephone status conference. *See* R. Doc. 73. Staring down their final opportunity to assure the Court that Plaintiff remains interested in bringing this case, Plaintiff's counsel failed to attend the conference. *See* R. Doc. 74. The Motion is thus ripe.

## II.   LAW AND ANALYSIS

To start, this is a motion to exclude masquerading as a motion *in limine*. *See King v. King,* 117 F.4th 301, 306 (5th Cir. 2024). Motions *in limine* prevent evidence from being offered at trial that is inadmissible under the rules of evidence, whereas this motion seeks to exclude Plaintiff's evidence as a sanction for failing to participate in discovery. *See id.* That settled, a court has "broad discretion" to enforce the discovery deadlines set forth in its scheduling order. *See Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990). In serious cases, this can entail "striking all the

parties' witnesses and exhibits." *Neff v. Ford,* 163 F.3d 1354 (5th Cir. 1998). The Fifth Circuit has provided four factors that a court should consider in determining whether to exclude evidence because of a failure to comply with a scheduling order: (1) a party's explanation for its failure to timely identify its witnesses and exhibits; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the exhibits and/or testimony; and (4) the availability of a continuance to cure such prejudice. *See Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman,* 893 F.2d at 791). Here, Plaintiff's evidence should be excluded.

Under the first factor, the Court finds no adequate explanation for Plaintiff's continued lack of diligence. This case was filed on July 29, 2021, forty-two months ago. The only real action in the case has been to evaluate whether Plaintiff intends to prosecute it. And as stated above, Plaintiff's counsel blew every chance the Court gave. *See* R. Doc. 40; R. Doc. 56; R. Doc. 74. Accordingly, this factor weighs in favor of exclusion.

Under the second factor, the Court finds that the proposed evidence is important. Indeed, the evidence is all of Plaintiff's case, and without it, he will likely be deprived of the opportunity to prove any essential element of his claims. This factor thus weighs against exclusion. It remains, however, that the importance of excluded evidence "cannot *singularly* override the enforcement of local rules and scheduling orders." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (quoting *Barrett v. A. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996)).

Under the third factor, allowing Plaintiff to put on evidence at this stage would exact unfair prejudice on Defendants. Due to his dilatory development of the case, Defendants have no meaningful understanding of the contours of this case aside from the Complaint. They have furthermore been effectively deprived of filing dispositive motions. With all proposed evidence of Plaintiff to be breached for the first time at trial, this would give Defendants "little opportunity to examine" the late evidence, and thus this factor weighs in favor of exclusion. *See In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 373 (5th Cir. 2016).

Under the fourth factor, the Fifth Circuit has explained that a "continuance is the 'preferred means of dealing with a party's attempt to [offer evidence] out of time.'" *Id.* at 374 (citation omitted). Nevertheless, "a continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" *Barrett*, 95 F.3d at 381 (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)). Here, the Court has *thrice* continued trial and discovery deadlines due to Plaintiff's delay. *See* R. Doc. 41; R. Doc. 44; R. Doc. 56. On our now fourth Scheduling Order, and with Plaintiff warned that no further continuance would issue, the case remains woefully underdeveloped. R. Doc. 29; R. Doc. 42; R. Doc. 45; R. Doc. 58. This factor thus weighs in favor of exclusion. *See Barrett*, 95 F.3d at 381.

Litigation requires a bare minimum of effort, which Plaintiff or his counsel have repeatedly failed to muster. And we cannot make Defendants shoulder the consequences of that lack of effort. Accordingly, the Motion is **GRANTED.**

4

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Exclude (R. Doc. 63) is **GRANTED.**

**IT IS FURTHER ORDERED** that the pending Motion for a second status conference (R. Doc. 75) is **DENIED.**

**IT IS FURTHER ORDERED** that the trial set for March 3, 2025, is **CONTINUED** without date.

**IT IS FURTHER ORDERED** that the dispositive motion deadline be **REOPENED**. Any dispositive motion must be filed by Friday, March 21, 2025. All other deadlines remain closed.

**MONROE, LOUISIANA,** this 19th day of February, 2025.

Terry A. Doughty
United States District Judge