UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**WILLIAM T SAVAGE SR**                          **CASE NO. 3:21-CV-02253**

**VERSUS**                                       **JUDGE DOUGHTY**

**LASALLE MANAGEMENT CO ET AL**                  **MAG. JUDGE MCCLUSKY**

<u>**MEMORANDUM RULING**</u>

Before the Court is a Motion to Dismiss (ECF No. 77) filed by LaSalle Management Company a/k/a LaSalle Correctional Center ("LMC") and LaSalle Corrections, L.L.C. ("LaSalle") (together, "Defendants"). The plaintiff, William Savage ("Plaintiff"), opposes (ECF No. 84). Defendants replied (ECF No. 87). The Court has already excluded all of Plaintiff's evidence as a sanction for Plaintiff's failure to participate in litigation. *See* ECF No. 76. So, there is no need to rehash the underlying conduct.[1] Simply put, because Plaintiff will not be able to put on any evidence at trial, Plaintiff has no case, and thus his case is ripe for dismissal. *See King v. King*, 117 F.4th 301, 308 (5th Cir. 2024).[2] Accordingly, the Motion is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**MONROE, LOUISIANA**, this 29th day of March, 2025.

_____
Terry A. Doughty
United States District Judge

---

[1] Plaintiff, who is represented by counsel, remains on theme by again "deliver[ing] . . . the most amateurish pleadings" "amounting to dozens of pages of gibberish." *See Bradshaw v. Unity Marine Corp., Inc.*, 147 F.Supp.2d 668, 670-672, n.3 (S.D. Tex. 2001).

[2] While *King* was decided in the summary judgment posture, the reasoning remains. We consider no evidence now, merely proclaiming the reality that Plaintiff is incapable of meeting his burden at trial by virtue of this Court's prior Order. That said, the Court would alternatively dismiss this case as a sanction under Federal Rules of Civil Procedure 37 and 41 for the reasons enumerated in the prior Order. *See* ECF. No. 76.